[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AND ORDER RE: STIPULATION FOR ENTRY OF PROTECTIVE ORDER
The parties have previously been present in court on prior dates in connection with an application by the plaintiff for injunctive relief and damages. On May 22, the plaintiff filed an ex parte motion for expedited discovery. That was granted on May 22, 1998. Thereafter, the defendants joined in a motion to quash the subpoena and for a protective order with respect to the deposition of Michael Shirkey. The court heard the parties and entered judgment with respect to the motions before the court on the record. Through the Clerk the court is now advised that the parties have now entered into a stipulation signed by all counsel. Signing on behalf of the plaintiff, MRMC, Inc., was Ann Farrel Leslie. Signing on behalf of the defendant's Orbitform and Philform Inc. was David Thomas Ryan of the law firm of Robinson and Cole. Signing for the defendants, Landreth Engineering Company and Industrial Holdings, Inc., was Attorney Anne H. Rubin of the law firm of Carmody and Torrance.
The proposed protective order provides, in part, for filing by the parties, under seal of certain discovery or motions or other pleadings relating to discovery which will involve secret or highly confidential, or confidential material. The parties are in agreement that the counsel for all, acting on behalf of their respective clients, wish to have the protective order dated June 8, 1998, which was filed with the Clerk on June 11, 1998, granted in accordance with their stipulation.
The rules of practice, Section 11-20, provides in pertinent part that except as provided in this section and except as otherwise provided by law, that the Judicial Authority shall not order that the public which may include the news media, be excluded from any files, affidavits, documents, or other materials on file with the court and shall not order that other documents filed in connection with a court proceeding be sealed or disclosure limited. Section 11-20, draws an exception in Subsection B, that upon motion of any party or upon its own CT Page 7147 motion, the Judicial Authority may order that the public be excluded from any portion of a proceeding and may order that the files, affidavits, documents, or other materials on file with the Court, or filed in connection with a Court proceeding, be sealed or their disclosure limited, if the Judicial Authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceedings or in viewing such materials. This section also provides that any such order shall be no broader than necessary to protect such overriding interests.
Subsection C of Section 11-20 provides that in connection with any order issued pursuant to Subsection B the Judicial Authority shall state on the record, in open court, its articulation of the overriding interest being protected and shall specify its findings underlying such order.
The law also requires that the time and date of any such order shall be entered by the Court Clerk in the Court file together with such order. I therefore, hereby order the Court Clerk to enter the time and the date of this order in the Court file, together with the order.
The Court makes the following findings:
One, the parties to the case in MRMC, Inc. vs. LandrethEngineering Company, et al have filed with the Clerk a proposed protective order dated June 8, 1998, which they seek to have made a Court Order.
Two, this filing was made on June 11, 1996.
Three, the Court is familiar with this file, having entered the initial ex parte orders in it. It has further familiarity by virtue of the public hearing held on the prior motions to quash.
Four, the litigation between and among the various parties to the lawsuit involves trade secrets of the companies involved.
Five, the litigation also involves discovery which may never result in admissible evidence but which is none-the-less now permitted because it may lead to admissible evidence.
Six, the general public would have little interest in the details of the trade secrets of the various parties to this CT Page 7148 lawsuit, nor would there be much general interest in the confidential detail of their business relations.
Seven, the parties themselves have a strong and overriding interest in protecting trade secrets and their confidential business relations and each could be damaged irreparably if proprietary secrets were put into the public domain as a result of discovery disputes requiring motions.
Eight, the Court finds that the limited order, dated June 8, 1998, protects such interests of the parties and determines that this interest overrides the public's interest in viewing any such materials filed the Court.
Nine, the protective order is granted in the form submitted by the parties by their stipulation, dated June 8, 1998.
Ten, except as provided in the protective order, the file shall remain open to the public and legal proceedings on future calendars shall also remain open.
Eleven, the Court Reporter is ordered to make a transcript of this order at the State's expense, forthwith. And the Clerk is ordered to place a copy of that transcript in the Court Clerk's file where it shall be kept with the pleadings in the case and be open to the public.
Twelve, upon submission of this to me by the Clerk, I directed the Assistant Clerk to call all counsel and tell them that if they wished to be heard to so advise and I would be available to hear them at 3:00 p. m. in the public Courtroom, but that if they did not wish to be heard, I would take up the matter in open court at 2:00. The Clerk advised that no counsel after being notified, declared a wish to be heard further in open court. None have appeared and the Court, therefore, has acted.
So ordered, this eleventh day of June, 1998.
FLYNN, J.
 ORDER
The joint motion having come before the court is granted.
FLYNN, J. CT Page 7149